IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANDY GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-82-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner ANDY GONZALES has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner challenges his conviction out of the 108th Judicial District Court of Potter County, Texas, for the felony offense of possession of a controlled substance with a deadly weapon, and the resultant 10-year sentence. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On or about March 6, 2015, the assistant district attorney charged petitioner, by information, with the offense of possession of a controlled substance with a deadly weapon. [ECF 10-2 at 54]. Petitioner waived his rights, pleaded guilty to the offense, and on March 10,

2015, in accordance with the terms of a plea bargain agreement, the trial court sentenced him to a 10-year term of imprisonment. *See State v. Gonzales*, No. 70,034-E. *Id.* at 55. By his plea bargain, petitioner waived his right to appeal his conviction and sentence. *Id.* at 50.

Petitioner sought collateral review of his Potter County conviction by filing a state habeas corpus petition; on October 21, 2015, the Texas Court of Criminal Appeals (TCCA) denied petitioner's state habeas application without written order. *In re Gonzales*, No. 83,954-02. [ECF 10-3].

On May 3, 2016, petitioner deposited the instant federal habeas petition in the prison mail system; on June 20, 2016, respondent filed her answer.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because his trial counsel was ineffective for failing to investigate whether petitioner used or exhibited a deadly weapon during the drug offense. [ECF 3 at 6].

## III.
## STANDARD OF REVIEW

In her June 20, 2016 answer, respondent carefully and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. § 2254 proceedings and the law regarding ineffective assistance of counsel and waiver of claims. [ECF 8 at 3-7; 10-12]. The Court will not repeat respondent's recitation regarding these standards of review, as they are well settled in habeas corpus law, except to the extent necessary to its discussion of petitioner's claims.

IV.
MERITS

A. Voluntary Plea

Respondent has thoroughly and articulately discussed, and the record reflects, petitioner entered a knowing, intelligent and voluntary plea of guilty. *Id*. at 7-10. "By pleading guilty to an offense . . . a criminal defendant waives all non-jurisdictional defects preceding the plea." *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [professional] standards.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner mentions, in passing, that his attorney was deficient in his performance when he recommended petitioner accept the plea agreement. [ECF 3 at 13]. Assuming petitioner meant to directly challenge the voluntariness of the plea, he has not demonstrated how his attorney coerced him into accepting the plea bargain.

The standard for ineffective assistance of counsel claims enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under the *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Strickland* 466 U.S. at 687-88. An attorney's performance was deficient if he or she made errors so serious that the representation fell below an objective standard of reasonableness. *Id.* An attorney's performance was prejudicial (in a plea bargain case) if "there is a reasonable

probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In the instant case, to the extent petitioner alleges he would not have accepted the guilty plea had it not been for his attorney's coercion, he has failed to direct the Court to any evidence in the record supporting this claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (establishing that a petitioner must base his claims on evidence in the record and cannot present a valid habeas corpus claim when he offers nothing more than his own statements to support his assertion). To the contrary, the record is replete with admissions by petitioner that he knowingly and voluntarily entered into the plea agreement.

In that regard, in his "Waiver of Appeal, et al" petitioner "…in writing and in open Court, and joined by counsel for [petitioner], waives and gives up the time provided by law in which to file a Motion for New Trial, Motion for Arrest of Judgment, and Notice of Appeal." [ECF 10-4 at 50]. Further, in his "Waiver of Appeal After Sentence has been Imposed in Accordance with a Plea Bargain Agreement and Waiver of Appeal Pursuant to the Plea Bargain Agreement" petitioner agreed "…being fully aware of the sentence imposed and of any errors that might have occurred…" to "voluntarily, knowingly, and intelligently give up or waive my right to appeal" including his "right to appeal the issue of whether any plea was voluntarily and knowingly made." *Id.* at 44. In the "Written Plea Admonishments" petitioner additionally demonstrated an understanding of the nature and substance of the charges against him. *Id*. at 45-48. *See James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995).

B. <u>Waiver of Other Claims</u>

Upon a knowing, intelligent and voluntary plea of guilty, a defendant waives all non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner argues that

counsel was ineffective for failing to investigate whether he used or exhibited a deadly weapon during the drug offense. A defendant waives the right to challenge the effectiveness of counsel except as to alleged ineffectiveness relating to the voluntariness of a guilty plea. Petitioner has not shown that counsel caused him to enter a plea of guilty without a full understanding of the nature of the charges against him or the consequences of his plea. Nor has petitioner shown that, but for trial counsel's failure to investigate the deadly weapon finding, he would not have pleaded guilty and would have proceeded to trial. As articulated by respondent,

> Because Gonzales's guilty plea was voluntary, he waived allegations of ineffective assistance of counsel that occurred prior to his plea. *See Smith v. Estelle*, 711 F.2d at 682 (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)) (guilty plea waived all claims of attorney error unrelated to the guilty plea including claims of failure to review the prosecutor's file, failure to investigate witnesses, and failure to investigate the legality of petitioner's arrest); *Taylor v. Whitley*, 933 F.2d at 327; *Richardson v. Beto*, 472 F.2d 169, 170 (5th Cir. 1973) (holding that a valid guilty plea waives all non-jurisdictional defects in prior proceedings, including deficiencies in pre-trial identification procedures). Because Gonzales's allegation does not relate to the voluntariness of his plea which, as set forth above, was both knowing and voluntary, his allegation must be denied.

[ECF 8 at 12].

Because of his voluntary plea of guilty, petitioner is now precluded from raising his ineffective assistance claim. In other words, petitioner, by virtue of his plea, waived these non-jurisdictional claims. Thus, petitioner's claim is meritless and should be denied.

V.
AEDPA Relitigation Bar

Finally, this Court recognizes the state habeas court considered petitioner's claim raised herein and denied relief. In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. §

2254(d)(2).  Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. § 2254(e)(1).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court.  In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).  The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect."  *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012).  The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent.  *Harrington v. Richter*, 562 U.S. 86 (2011).

Petitioner has not met his burden in this regard; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case.  The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's June 20, 2016 Response, [ECF 8], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ANDY GONZALES be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 6, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).